ORIGINAL



RECEIVED
MAR 27 2013
PRO SE OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

ELIZABETH RENNER,

                Plaintiff,

vs.

REFEREE STANTON

JUDGE STEPHEN BOGACZ

JUDGE SIDNEY STRAUSS

JUDGE MARYELLEN FITZMAURICE

JUDGE JONATHAN LIPPMAN

JUDGE WILLIAM MASTRO

JUDGE SHERRY ROMAN

JUDGE SANDRA SGROI

JUDGE JEFFREY LIEBOWITZ

JUDGE PAMELA JACKMAN BROWN

JUDGE JEREMY WEINSTEIN

UNIFIED COURT SYSTEM

NEW YORK STATE

                     Defendants,

**CV 13 - 1676**

COMPLAINT

Jury Trial Demanded within 14 days of service

IRIZARRY, J

This action is brought for a violation of federal law 28U.S.C 1331 and violation of Due Process Clause under the 14th Amendment. Parenting is a fundamental right and it cannot be taken away based upon the Due Process Clause. Judges who handled Plaintiff's case over the past 7 years have violated Plaintiff and her children's fundamental rights. Judges Fitzmaurice, Strauss, Bogacz, and Referee Stanton who handled Plaintiff's custody and divorce proceeding abused their discretion, went out of an d exceeded jurisdiction,and all the judges denied Plaintiff a fair trial before an impartial hearing officer, and denied Plaintiff the right to effective assistance of counsel. The judges failed to afford Plaintiff her due process

rights and violated Plaintiff's constitutional rights under the New York State and the United States Constitution. Judges Fitzmaurice, Bogacz, and Referee Stantonsfailed to be impartial yet refused to recuse themselves when requested to do so by Plaintiff in motions made to the judges.  The judges violated their ethical codes of conduct by engaging in ex parte communications with Plaintiff's ex husband's lawyers, with the lawyer for the children, and with others which caused Plaintiff harm. There has been interference with Plaintiff (mother's) fundamental liberty interest in raising her children and right to her children to be raised by their parents as guaranteed under the Fourteenth Amendment to the US Constitution.  The result of defendant's unlawful interference with this liberty interest Defendant and her children have suffered substantial emotional and financial harm.

Plaintiff resides at 223-04 56 Avenue Bayside, New York 11364 and her cell phone number is  646 209 – 8914.

Defendant resides at or its business is located at:

Judge Stephen Bogacz, Judge Maryellen Fitzmaurice, Referee Stanton located at Queens Family Court 151-20 Jamaica Avenue, Jamaica, New York 11432.

Judge Strauss, Judge Liebowitz, and Judge Jackman Brown, Judge Jeremy Weinstein  located at Queens Supreme Court at 88-11 Sutphin Blvd. Jamaica, New York.

Appellate Court at 2nd Department 45 Monroe Place Brooklyn, New York Judge Sandra Sgroi, Judge William Maestro, Judge Sheri Roman located at Appellate Court at the 2nd Department at 45 Monroe Place Brooklyn, New York.

Judge Jonathan Lippman at Court of Appeals at 20 Eagle Street, Albany, New York 12207

Office of Court Administration at 24 Beaver Street New York New York.

New York State at Office of the Attorney General of the State located in Albany New York or New York City.

II. The jurisdiction of the Court is invoked pursuant to:

FIRST:  Jurisdiction is founded upon the existence of a Federal Question.

SECOND:  This is an action to redress the deprivation under color of statute, ordinance, regulation,

usage of a right, privilege, and immunity secured to Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. 1983) and arising under the law and statutes of the State of New York.

THIRD: Jurisdiction is founded upon U.S.C. 1331 AND 1343 (3) AND (4), this being an action authorized by law to redress the deprivation under color of law, to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to a plaintiff by the First and Fourteenth Amendments to the Constitution of the United States.

FOURTH: The matter in controversy exceeds the sum of FIFTY THOUSAND DOLLARS.

FIFTH; That the plaintiff ELIZABETH RENNER is a Citizen of the United States and she is a resident of the city of New York, County of New York, State of New York.

SIXTH: THE STATE OF NEW YORK   Upon information and belief, that at all times hereafter mentioned, the defendant THE STATE OF NEW YORK as and still is a U.S. governmental agency, officer, or employer of the United States (28 U.S.C. 1391 (e) (1992 &supp. 1992) of federal defendant superior United States of America of said state, city and county duly organized and existing under and by virtue of the laws of the State of New York.

SEVENTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, THE STATE OF NEW YORK, its US government agencies, officers or employees of the United States (28 U.S.C. 1391 (e) (1992 & supp. 1992) of federal defendant superior. United States of America of said state, city, and county operated, maintained and controlled the Unified Court System of New York State including all the justices, body or officers thereof.

EIGHTH: Upon information and belief, that at all times hereinafter mentioned, and on or about August 9, 2007 JUDGE MARYELLEN FITZMAURICE was duly appointed and presently acting Jusitce of the Supreme Court of the State of New York located at 88-11 Soothing Blvd. Jamaica, New York 11435.

NINTH: Upon information and belief that of all times mentioned, and on or about August 9, 2007 JUDGE SIDNEY STRAUSS, JUDGE JEFFREY LIEBOWITZ, AND JUDGE WEINSTEIN were employed by defendant, THE STATE OF NEW YORK, as a justice, body, or officers.

TENTH; Upon information and belief, that at all times hereinafter mentioned, and on or about 2011

when appeal was denied in Second Department of the Appellate Division Judges.  JUDGE MASTRO,

JUDGE SANDRA SGROI, and JUDGE SHERRY ROMAN were employed by defendant, THE STATE

OF NEW YORK as justice, body, or officers.

ELEVENTH:  Upon information and belief, that at all times herein mentioned, and on or about 2011

When Court of Appeals denied Plaintiff's appeal in Albany, New York  JUDGE JONATHAN LIPPMAN

was employed by defendant, THE STATE OF NEW YORK, as justice, body or officer.

TWELFTH:  Upon information and belief, that at all times herein mentioned, and on or about

September 2011 JUDGES STEPHEN BOGACZ, REFEREE JULIE STANTON,JUDGE JACKMAN

BROWN were employed by defendant, THE STATE OF NEW YORK, as justice, body, or officer.

THIRTEENTH:  This action arises under the United States Constitution, particularly under provisions of

The Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law,

particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, the Due Process

Clause and the rights under the Constitution and laws of the State of New York and the laws of the U.S.

Constitution.  Parenting is a fundamental right and it cannot be taken away based on the Due Process

Clause of the 14th Amendment.

FOURTEENTH:  Each and all acts of the defendants alleged herein were done by the defendants, their

U.S. government agencies, officers or employees of the United States (28 U.S.C. 1391 (e) (1992 & supp.

1992) .Of {federal defendant superior, United State of America of said state, city, and county and each of

them as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and

usage of the State of New York, the City of New York, and the County of New York, and under the

authority of their office as justice, body or officers of said state, city and county.

III.  Statement of Claims

FIFTEENTH:  That Notice of Plaintiff's Claim and Notice of Intention to Sue for Damages for

Enterprise Corruption, RICO, Judge Fitzmaurice, Judge Bogacz, Judge Strauss, Judge Lippman, Judge

Roman, Judge Mastro, Judge Sgroi, Referee Stanton,  Judge Liebowitz, Judge Jackman Brown, Judge

Weinstein,Unified Court System, New York State.

First Federal cause of action is interference with Plaintiff's fundamental liberty interest in raising her

children and right of children to be raised by their parents as guaranteed under the Fourteenth Amendment

of the U.S. Constitution. Result of defendant's lawful interference with this liberty interest have caused

Plaintiff and her daughters to suffer irreparable emotional and financial damage. Plaintiff and her

children have lost out on 6 years of their relationship during very important years for children between the

ages of 7 and 8 when they were removed from the custody of Plaintiff unfairly and for no just cause

through to present when children are now going to be 12 and 13 in a few months. Plaintiff was not

afforded due process, was denied effective assistance of counsel, was denied hearings before decisions

and orders were rendered. Plaintiff was denied the right to a fair trial as many of the judges were partial

to Plaintiff's ex husband but refused to recuse themselves from the case but chose to intentionally harm

Plaintiff and her daughters. Plaintiff asked the judges to recuse themselves when she felt they were

biased, made unfair orders, and when they engaged in capricious, arbitrary decisions and when they

abused their discretion. All of the judges refused to recuse themselves upon the request in writing and in

oral argument made by Plaintiff on the record and off the record and all attempts by her former attorneys

to have the judges and referees recuse themselves. The judges ruled on things that they did not have

jurisdiction over and they were behaving in excess of their jurisdiction throughout proceedings in the

Queens Family Court, Queens Supreme Court, 2nd Department of the Appellate Division, and in the Court

of Appeals of New York State. Many of the judges in Queens Family Court and Queens Supreme Court

had ex parte communications with Plaintiff's ex husband's lawyers Howard Felcher and Andrew Ayers.

They also engaged in ex parte communications with Plaintiff's lawyers after she had discharged them or

they quit. The judges had ex parte communications with lawyer for children Ade Fasanya. All of the ex

parte communications was harmful to Plaintiff's chance to get impartial rulings and relief from the court.

Ex parte communications with parties to the action outside presence of all parties is unethical and a

violation of the judges ethical code of behavior. Judges Fitzmaurice, Bogacz, Strauss, Referee Stanton,

engaged in ex parte communications with Plaintiff's ex husband's lawyers and the lawyer for the children

Ade Fasanya. Judges Strauss, Fitzmaurice, Bogacz, Referee Stanton made ex parte orders which have been harmful and unfair to Plaintiff. They have all refused to correct their orders which have hurt Plaintiff and her children and the judges and knew about the harm that they caused at the time.

SIXTEENTH: Appellate Division Judges Sherry Roman, Sandra Sgroi, Judge Mastro chose to affirm Plaintiff's appeal on the unjust orders of Judge Fitzmaurice. They failed to review the record and decision. They failed to see that things were added to the judgment that were not in the record. They failed to correct mistakes of lower court by properly remanding the case to a different and impartial judge who had proper training as a domestic relations judge. They did not correct mistakes regarding financials wherein Plaintiff's ex husband had failed to pay over $455,000 in child support and maintenance so ordered by Judge Dorsa in 2003 which accrued until signing of judgment in February 2007. Plaintiff requested a half hour of oral argument and the court intentionally refused to allow Plaintiff her first amendment right to freedom of speech and only allowed several minutes of oral argument. In the decision of the Appellate Division the court stated that there were many acts of domestic violence by Plaintiff against her ex husband when it was untrue and unsubstantiated accusation. The judges refused to grant her legal fees when she had been a stay home mother to her children from their birth. The judges refused to award Plaintiff custody of her children when she had been her daughters primary caretaker and full time mother from their birth until August 2007 the time of the decision of Judge Fitzmaurice. There were custody orders of Judge Dorsa from 2003 and oral settlement on record before Judge Strauss. Wherein Plaintiff was awarded custody of her children. There was no change in circumstances and the judges failed to recognize that Plaintiff was wrongfully subjected to trial before Judge Fitzmaurice who retried entire case from 2002 to 2007 when she could only go back to the last order of 2005 oral settlement on the record which was never reopened based on fraud or any other basis. She retried grounds which were settled in oral settlement on the record. Judge Fitzmaurice admitted on the record that she was friends with the law guardian she assigned Ade Fasanya and that they had worked together for many years in the past. Plaintiff objected to his assignment and the court refused to remove the biased lawyer for children who for many years failed to meet with parties children, was biased in favor of her ex

husband. Judge Fitzmaurice had ordered forensic evaluation of parties and their children and Doctor

Robert Kaplan recommended full custody to Plaintiff after a $25,000 evaluation and Judge Fitzmaurice

ignored the recommendations of the doctor she assigned to evaluate the parties. The 2nd Department has

failed to give Plaintiff any relief at al l over the past six years and Plaintiff has had to incur large amounts

of legal fees to perfect her appeals and to spend time and effort in preparing papers, making copies, t

raveling to Brooklyn to submit papers, and to hire lawyers to represent her on the appeals.

EIGHTEEN:  Plaintiff went to the Court of Appeals for relief and Judges Lippman, Ciparick, Graffeo,

Reid, Smith, Pigott, and Judge Jones refused to allow Plaintiff to proceed with her appeal to their court

and offered no explanation as to why they failed to ensure that Plaintiff had been afforded a fair trial and

that she had a just and fair result to her proceedings.  The judges were aware that Plaintiff and her

children were suffering for years by unjustly being kept apart due to mistakes and intentional abuse of

discretion due to bias of lower court judges but they ignored her plight and chose to let Plaintiff and her

little girls suffer for years by being denied their constitutional right to their relationship.  They knew that

Plaintiff was cheated out of financial support and maintenance due her, that she was cheated out of all

legal fees, all equitable distribution, that she was precluded from making decisions on behalf of her

children, that she was denied the right to access to her children's records, reports, right to attend their

appointments with providers of care, right to attend her children's events, right to spend time with her

children on holidays, on vacations, in the summer for years 2008 through to date except for some times in

2009-2010.  She was denied the right to parent her children in 2009-2009 for eight months based on lies

of her ex husband.

IV. The relief Plaintiff seeks from each defendant is as follows:

Referee Stanton to be removed from ever hearing matters concerning Plaintiff and her children from now

on, for all decisions and rulings she has made over past three years to be vacated, for her to be removed as

referee and or judge due to misconduct, and for Referee Stanton to be ordered to pay Plaintiff damages of

$15,000.000.  Referee Stanton denied Plaintiff her due process rights from June 2010 through present by

refusing to let Plaintiff complete her hearings before the Referee, refusing to allow cross examination

during hearing, refusing to allow Plaintiff to submit exhibits or evidence, refusal to allow Plaintiff effective assistance of counsel. The Referee let Plaintiff's assigned 18B lawyer off the case without having served Plaintiff. She denied Plaintiff requested stay of 18B lawyer to give Plaintiff 30 days to obtain new counsel to represent her in proceedings. She reassigned lawyer for children Ade Fasanya after he was removed for negligence by Judge Strauss in Supreme Court a few months prior despite strong objections of Plaintiff due to his failure to represent parties children and his bias against her due to her complaints to grievance committee, inspector general, and to supervisor of lawyers for children Harriet Weinberger. Referee Stanton refused to recuse herself from proceedings of Plaintiff despite her known bias against Plaintiff. Plaintiff was badmouthed by her former Judge Maryellen Fitzmaurice and her law assistant Joan Picirrillo to the judges and court personnel in Queens Family Court. Referee Stanton refused to recuse herself in formal motion made to her. Administrative judge Stokinger refused to have the Referee taken off the case. Referee Stanton improperly vacated an order of protection of Plaintiff's in a TRO of Plaintiff's ex husband and did not disclose that she did this or did not do it until after the fact 6 months later. The court continued to reissue the order of protection every few months for six months. The TRO was granted by Judge Negron and Referee Stanton had no legal basis to vacate it. Referee Stanton refused to give Plaintiff her summer parenting, her alternate holidays, and vacations with her children from 2010 to date, refused to ensure that Plaintiff's joint legal custody of her children be enforced intentionally denying Plaintiff her rights to be with her children on their birthdays, holidays, vacations, during the summer and denied her right to attend appointments with providers of care to her children, rights to attend her children's events, school, right to communicate with providers and school personnel, denied her rights to receive records, reports, school work of her children. She refused to decide her motions before her in the 60 days required under the CPLR. She refused to reschedule hearings causing Plaintiff and her ex husband to lose their jobs. Plaintiff lost her tenured teaching job in June 2011 and her ex husband lost his job in June 2012. Plaintiff spent over $800,000 defending herself in case. Judge Stephen Bogacz denied Plaintiff her due process rights and her 1st and 14th Amendment rights by denying Petitioner her right to be heard by the court from September 2010 to date. He let Plaintiff's

counsel off the case the day a trial was to begin when he knew Plaintiff was not served. He demanded that Plaintiff proceed to trial without the effective assistance of counsel. He made ex parte orders which were unjust to Plaintiff and intentionally helped Respondent. Judge Bogacz is biased against Petitioner and cannot be impartial but refuses to recuse himself from Plaintiff's cases. Judge Bogacz refused to enforce court orders, vacated other judges orders, made unfair orders, allowed Plaintiff's ex husband to abuse her and her children and allowed him to attempt to alienate and attempt to break emotional bonds between their children and Plaintiff. Judge Bogacz must not be able to handle any of Plaintiff's cases going forward and Plaintiff must be assigned an impartial judge. Damages sustained to Plaintiff for Judge Bogacz's abuse of discretion, going out of jurisdiction, being in excess of jurisdiction, ex parte communications, failure to allow Plaintiff due process, failure to afford Plaintiff effective assistance of counsel, failure to allow a full and fair trial before impartial hearing officer, failure to allow evidence, exhibits, cross examination to Plaintiff, intentional punishment of Plaintiff and her girls by keeping them apart on holidays, vacations, in summers in 2010 through to date, for taking away time based on lies of her ex husband without allowing hearings for years. Damages assessed at $15,000,000 due to abusively keeping Plaintiff and her children apart unjustly. Judge Bogacz subjected parties to sitting all day outside his courtroom to be called for proceedings causing both parties to lose their jobs. Judge Bogacz includes Plaintiff being able to get her children whenever her ex husband agrees to it which makes it clear that the Judge is just biased in favor of my ex husband as there is no concern on his part of my having custody of My girls but he wants to suit my ex husband to control when and if my children and I see each other. The judge refused along with Referee Stanton to let my children and I travel to Europe to see family when All of our extended family live there to abusively keep my children from maintaining a relationship With their maternal side of the family for the past three+years in violation of my children's rights. My Children want to have their own female lawyer which they have a right to under the law but the court demands that we keep Mr. Fasanya despite his abuse of me and his efforts to keep my girls and I apart unjustly due to his aner at me for making complaints about him and his acceptance of bribes from my ex husband and favors from his attorneys and their friendship. Mr. Fasanya runs around court having

unethical ex parte communications with the judges Bogacz, Referee Stanton, Judge Strauss and his staff, Judge Jackman Brown and her staff, and with Judge Fitzmaurice in violation of the law.

Judge Sidney Strauss handled Plaintiff's case in 2005 and in 2009-2010. Judge Strauss made ex parte orders that were harmful to Plaintiff. He denied Plaintiff due process rights. He engaged in ex parte communications with lawyers and others unethically. Judge Strauss yelled at Plaintiff and her ex husband and their lawyers when he was in bad moods. He allowed legal fees to be extorted by lawyers and allowed the case to be churned. He made very unjust domestic relations order and parenting time order and refused to correct them. He followed along with orders that Plaintiff's ex husband wrote. Damages are $10,000,000. Judge Strauss withdrew 5 motions of Plaintiff that were before him for at least six months and informed Plaintiff that he was not going to read all of that. He caused Plaintiff to lose her alternate holiday, vacation, summer parenting time by failing to redo an order Plaintiff's ex husband wrote and since that time she had been denied this time with her daughters even though all over the record for a year Judge Strauss insisted that Plaintiff get the court ordered alternate time but refused to correct the order and gave away her property in an ex parte Domestic Relations Order. Judge Strauss sent the parties to family court without resolving issues and motions that were before him regarding Plaintiff. He was angry with Plaintiff.

Judge Mary Ellen Fitzmaurice engaged in biased behavior, assigned her friends Joan Piccirrillo and Ade Fasanya to proceedings to create conflicts of interest and allowed Joan Picirrillo to review judgment written by Respondent. She allowed things to remain in judgment of divorce despite the things not being in the record of a trial. She made ex parte orders when no motions were before her. Made orders to hurt Plaintiff just due to her anger toward Plaintiff for making complaints against her. She kept Plaintiff and her children apart for 8 months based on no hearing and no orders. She vacated other judge's orders in violation of her ethical codes and the law. She failed to decide motions within the sixty days required to do so under the law. Judge Fitzmaurice took Plaintiff's children away from her and caused this to remain the case for past six years when Plaintiff had raised her girls since their birth. She refused to fairly settle Equitable distribution or to enforce child support payments. She gave unjust order of protection to

Plaintiff's ex husband. Failed to decide motions pending before her for years. Demanded Plaintiff hire lawyer for child, forensics expert who cost her $25,000 for an evaluation and these professionals were chosen by judge due to her friendship with them. She vacated an oral settlement on the record which was binding and redid entire case ignoring orders of Judge Strauss, and Dorsa. Damages sustained are $25 million. Judge Fitzmaurice in anger prohibit Plaintiff from seeing her children more than an hour a week based on no just cause and Plaintiff was not granted a hearing. She gave Plaintiff's ex husband an order of protection and vacated Plaintiff's unjustly allowing Plaintiff's ex husband to arrest her for allegedly violating the order of protection. She allowed him to put into the judgment a 5 year order of protection when she had granted a two year order of protection. She refused to correct her errors and ignored letters and motions requesting that she correct mistakes she allowed in the judgment. She allowed Plaintiff's ex husband to put into judgment that all financials were tried when they insisted that the financials be submitted and not tried. The judge kept Plaintiff from her children on weekdays in May 2007 because her ex husband had complained that she had allegedly had an argument with a receptionist at her daughters school and no hearing was given. There was no change in circumstances to warrant a change in custody. The judge made racial slurs and verbally abused Plaintiff during proceedings and had ex partecommunications with lawyer for child Ade Fasanya during trial. She refused intentionally to let Plaintiff and her counsel get their case on the record. The judge took two years to sign the judgment and had recused herself. Judgment had to be signed within 60 days.

and only issues raised after oral settlement on record in 2005 was made could have been considered. Judge Liebowitz was assigned to handle Plaintiff's case in 2008 to 2009. The judge was annoyed by Plaintiff and her counsel so he decided to deny her and her children their rights to vacation and holiday time. He allowed Plaintiff's ex husband to continue to deny her custodial rights to their children when Plaintiff's ex husband took their children from her for 8 months for no just cause. The judge refused to read the five motions Plaintiff had made and left them undecided for six months. He had gotten the motions from Judge Fitzmaurice who had them for at least six months. The motions were for important relief but the judge passed the motions onto Judge Strauss when he decided to recuse himself. He passed

on a judgment to Judge Fitzmaurice to sign despite her having recused herself due to hiring of Ms. Piccirrillo as her law assistant after she had been our lawyer for our children. The judge had put a stay on signing of judgment but he chose to ignore this. Plaintiff wasted more than $20,000 fighting for her rights to parent her children to be restored and the judge would not even order that Plaintiff could be with her children on Thanksgiving and Christmas. Damages of $5 million.

Judge Jackman Brown was assigned to cover Plaintiff's actions before the Supreme Court from June 2010 to date. The judge only signed one motion Plaintiff brought before her when she had a lawyer. The judge refused to give Plaintiff any relief. She failed to protect Plaintiff's rights to parent her children,denied her due process, denied her a right to a hearing, refused to consolidate her cases in Supreme even though it was court of original jurisdiction. The judge most recently took a notice of motion from Plaintiff and gave her a date 10 months away  to intentionally prohibit Plaintiff from getting relief on all time sensitive issues. The judge abused her discretion . Damages of 5 million dollars.

Judge Jeremy Weinstein is and was the administrative judge in Queens Supreme Court when Plaintiff tried to seek relief there from 2002 to date. Judge Weinstein refused to intervene when Plaintiff wrote to him or spoke to his staff about the injustices she was subjected to. He refused to remove Judge Fitzmaurice from proceedings when she was very abusive to Plaintiff and clearly was biased. Judge Weinstein failed to help when Plaintiff informed him that she could not get relief in the court. Judge Weinstein allowed and encouraged the churning of Plaintiff and other litigant's cases. He refused to allow Plaintiff the right to arbitrate against her former attorneys for legal fees causing Plaintiff to lose money that was wrongfully extorted from her. He allowed Plaintiff and her ex husband to lose $1,500,000+ in legal fees rather than demanding that his judges settle the case fairly through mediation and arbitration. Damages of $5 million.

Judge Jonathan Lippman failed to ensure that Plaintiff got to proceed in the Court of Appeals. Damages of $15 million. Judge Lippman and his staff have ignored letters from Plaintiff and attempts to get help. Judge William Mastro was on Plaintiff's 2nd Department panel at Appellate Court. He refused to give Plaintiff relief on the unjust orders of Judge Fitzmaurice causing Plaintiff and her children to continue to

be kept apart. Damages of $5 million.

Judge Sherry Roman was on Plaintiff's 2nd Department panel at Appellate Court. She refused to give Plaintiff relief on unjust rulings of Judge Fitzmaurice. Damages of $5 million..

Judge Sandra Sgroi was on Plaintiff's 2nd Department panel at Appellate Court. She refused to give Plaintiff relief from unjust rulings. Damages of $5 million.

Unified Court System failed to properly train the judges and referees and allow them to continue to make mistakes in Plaintiff's case. They have failed to address complaints or to fix problems in the court houses by removing bad judges from the bench so that they cannot  continue to harm litigants. Damages of $20,000,000.

New York State employs the judges and has failed to select judges who are qualified to make decisions in Plaintiff's case and orders that are just and based on merits not bias and bribes. They have failed in their duty to train and ensure that judges and referees have proper training, have proper education, are being selected based on their abilities not their political connections. Plaintiff had a right under the law to have her case heard by a judge in Queens Family Court and that right was denied in violation of the law.

Plaintiff had a right to select her own lawyer for her children and this right was violated by the Queens Supreme and Queens Family Courts. Many of the judges Plaintiff had refused to abide by the law and rules of the CPLR. The judges believe they are above the law and do not feel they have to abide by the Constitution. Damages of $20,000,000.

Plaintiff had full custody of her two daughters from their birth until August 2007. She was her children's primary caretaker and full time mother. There were no changes in circumstances to warrant a change in custody. Plaintiff was cheated out of most child support and maintenance so ordered by Judge Dorsa in 2003 in order in effect until February 2009. Her ex husband owes over $455,000 in child support and maintenance arrears and the court ignores this and refuses to issue her a money judgment. Plaintiff was cheated out of all equitable distribution, all legal fees, out of all pensions rights, had her pension unjustly taken and 401K by her ex husband. Plaintiff had over $800,000 extorted from her by greedy lawyers who churned her case for the past 11 years causing her and her ex husband to lose their jobs. Plaintiff's ex

husband also had over $900,000 extorted from him in legal fees from his corrupt lawyers Andrew Ayers and Howard Felcher. It is clear that there is corruption in the courts in judges allowing their lawyer friends to take money from litigants by dragging cases on for years and refusing to do mediation and arbitration. Plaintiff was granted custody in 2003 order of Judge Dorsa and parties lived under this agreement until August 2005 when Judge Strauss did an oral settlement on the record which was binding granting Plaintiff custody of her children. In 2006 Judge Fitzmaurice took over the case and sent parties to Dr, Kaplan who recommended full custody to Plaintiff. The judge ignored the recommendations and the orders of the other judges and gave parties children to her ex husband unjustly and there was no merit her orders. She vacated orders of other judges in violation of the law.

March 26, 2013   *ER*                           *Elizabeth Pesner*

                                               *Elizabeth Pesner.*