```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ELIZABETH RENNER, pro se,                           :
                                                    :
                    Plaintiff,                      :
                                                    :
        -against-                                   :
                                                    :        MEMORANDUM AND ORDER
REFEREE STANTON, JUDGE STEPHEN BOGACZ,              :        13-CV-01676 (DLI)
JUDGE SIDNEY STRAUSS, JUDGE MARYELLEN               :
FITZMAURICE, JUDGE JONATHAN LIPPMAN,                :
JUDGE WILLIAM MASTRO, JUDGE SHERRI                  :
ROMAN, JUDGE SANDRA SGROI, JUDGE                    :
JEFFREY LIEBOWITZ, JUDGE PAMELA                     :
JACKMAN BROWN, JUDGE JEREMY                         :
WEINSTEIN, UNIFIED COURT SYSTEM,                    :
NEW YORK STATE,                                     :
                                                    :
                    Defendants.                     :
-------------------------------------------------------------------x
```

**IRIZARRY, United States District Judge:**

*Pro se* plaintiff Elizabeth Renner ("Plaintiff") filed the instant action against Julie Stanton, New York State Family Court Referee of Queens County; the Hon. Stephen Bogacz and the Hon. Maryellen Fitzmaurice, New York State Family Court Judges of Queens County; the Hon. Sidney Strauss, the Hon. Jeffrey Liebowitz, and the Hon. Pamela Jackman Brown, Justices of the New York State Supreme Court, Queens County; the Hon. Jeremy Weinstein, Administrative Judge of the New York State Supreme Court, Queens County; the Hon. Sandra Sgroi, the Hon. William Maestro, and the Hon. Sherri Roman, Justices of the New York State Supreme Court, Appellate Division, Second Department; the Hon. Jonathan Lippman, Chief Judge of the New York State Court of Appeals; the Unified Court System; and New York State (collectively, "Defendants"). The complaint alleges violations of 42 U.S.C. § 1983 for orders issued in Plaintiff's child custody and divorce proceedings. For the reasons set forth below, the complaint is dismissed for lack of

1

subject matter jurisdiction.

## BACKGROUND

Plaintiff brings this *pro se* action against judges and a referee who presided over Plaintiff's child custody and divorce proceedings in New York State courts. (Compl. at 1-2.)[1] Specifically, Plaintiff alleges the judges and referee: were biased against her, failed to recuse themselves when she requested them to, engaged in *ex parte* communications and issued "*ex parte* orders," refused to "correct" orders that allegedly harmed Plaintiff and her children, failed to timely consider motions and issue orders, did not grant her motions, refused to arbitrate claims that her attorneys had extorted legal fees, denied her appeal in the New York State Court of Appeals, and the appellate courts refused to reverse the rulings of the lower courts. (*Id.* at 4-14.) In addition, Plaintiff alleges the Unified Court System and New York State failed to: properly train its judges and referees, select judges who are qualified, or remove "bad judges" from the bench. (*Id.* at 13.) Plaintiff seeks monetary damages and injunctive relief barring Referee Stanton and Judge Bogacz from presiding over any of Plaintiff's cases going forward and vacating the past decisions of Referee Stanton. (*Id.* at 7, 9.)

## DISCUSSION

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F. 3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F. 3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

---

[1] The complaint has been paginated by the Court for ease of reference.

(2009)). However, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face. *See Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474-75 (2d Cir. 2006).

A. **Legal Standard**

It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F. 3d 56, 62 (2d Cir. 2009) (quotation marks omitted). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Second Circuit has "emphasize[d] the need for parties and for district courts to take a hard look at jurisdictional issues early in the litigation." *Wynn v. AC Rochester*, 273 F. 3d 153, 159 (2d Cir. 2001).

Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010), *aff'd*, 450 F. App'x. 66 (2d Cir. 2011). Federal question jurisdiction is invoked where the plaintiff's claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of the general federal question statute only if the federal question appears in the facts of the plaintiff's well pleaded complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).

B. **Domestic Relations Exception**

Plaintiff fails to establish any basis for this Court's subject matter jurisdiction and instead

3

sets forth claims related to domestic relations matters, namely divorce and child custody proceedings. Federal courts generally lack subject matter jurisdiction over such claims pursuant to the domestic relations exception. "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). The exception further counsels that "it might be appropriate for the federal courts to decline to hear a case involving 'elements of the domestic relationship,' even when divorce, alimony, or child custody is not strictly at issue." *Id.* at 13 (quoting *Ankenbrandt*, 504 U.S. at 705). Plaintiff alleges constitutional violations, invoking the jurisdiction of this Court under federal question jurisdiction. However, "[d]istrict courts in this Circuit have held that the exception includes civil rights actions directed at challenging . . . domestic relations proceedings." *Awan v. Kramer*, 2012 WL 5426088, at *3 (E.D.N.Y. Nov. 7, 2012) (citing *Mitchell-Angel v. Cronin*, 1996 WL 107300, at *2 (2d Cir. Mar. 8, 1996)).

As Plaintiff challenges the orders made in child custody and divorce proceedings, this Court lacks jurisdiction over Plaintiff's claims. *See Schottel v. Kutyba*, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (plaintiff's claims "begin and end in a domestic dispute" and state courts are better suited to that adjudication); *Sullivan v. Xu*, 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) (dismissing action as barred by the domestic relations exception, because "[a]lthough plaintiff invokes his constitutional rights, the substance of his claims concern state law domestic relations matters"). Accordingly, the complaint must be dismissed for lack of subject matter jurisdiction.

## C. Judicial Immunity

Even if the domestic relations exception did not apply, Plaintiff could not maintain this action against any of the named Defendants.

Plaintiff's claims against Referee Stanton and the New York State judges are barred by the doctrine of absolute judicial immunity. It is well settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *see also Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (extending judicial immunity to actions brought pursuant to Section 1983.) Furthermore, a court appointed referee is similarly entitled to absolute immunity for her official acts. *Wilson v. Wilson-Polson*, 446 Fed. App'x. 330, 331 (2d Cir. 2011) (allegations that a New York State Family Court referee violated plaintiff's procedural due process rights failed in light of the referee's absolute immunity to suit). Absolute judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11-12.

All of Plaintiff's claims challenge judicial decisions made by the judges and Referee Stanton when they presided over Plaintiff's child custody and divorce proceedings. These are clearly judicial actions undertaken within their judicial capacity. Plaintiff's claims of bias and procedural irregularity are insufficient to overcome immunity. *See Levine v. Lawrence*, 2005 WL 1412143, at *5 (E.D.N.Y. June 15, 2005) (neither claims that a judge's decision was "biased and prejudicial" nor that proceedings were conducted "in an irregular or erroneous manner" abrogates

absolute immunity).

To the extent that Plaintiff claims the judges' actions were taken in absence of jurisdiction, the complaint only references actions taken in the underlying child custody and divorce proceedings that are clearly within the subject matter jurisdiction of New York State courts. The scope of a judge's jurisdiction "must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Levine*, 2005 WL 1412143, at *7 (citing *Stump*, 435 U.S. at 357 n.7.) Accordingly, Plaintiff's claims against Referee Stanton and the New York State judges must be dismissed on judicial immunity grounds.

**D.    Sovereign Immunity**

Plaintiff's claims against New York State and the Unified Court System are barred by the doctrine of sovereign immunity. In interpreting the Eleventh Amendment of the United States Constitution, the Supreme Court has consistently held that "nonconsenting States may not be sued by private individuals in federal court." *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *see also Gollomp v. Spitzer*, 568 F. 3d 355, 368 (2d Cir. 2009) (the New York State Unified Court System is entitled to sovereign immunity as an arm of the State). Title 18, United States Code, Section 1983 does not abrogate a states' immunity under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67 (1989); *Dube v. State Univ. of N.Y.*, 900 F. 2d 587, 594 (2d Cir. 1990). Furthermore, Plaintiff has not alleged, nor is there any indication, that New York State or the Unified Court System has expressly waived immunity. Accordingly, Plaintiff's claims against New York State and the Unified Court System must be dismissed on sovereign immunity grounds.

E.  **Futility of Amending the Complaint**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F. 3d 37, 45 (2d Cir. 2009). Here, the complaint gives no indication that Plaintiff has a colorable claim under federal law. As any attempt to amend the complaint would be futile, Plaintiff is denied leave to amend the complaint. *See Cuoco*, 222 F. 3d at 112.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed. As it appears from the circumstances of this case that Plaintiff would not be able to make out a federal claim, her complaint is dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED:  Brooklyn, New York
        May 7, 2013

/s/
DORA L. IRIZARRY
United States District Judge